IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INSIGHT COMMUNICATIONS CO., L.P., )
        Plaintiff, )
         )
    vs. )    Civil Action No. 07-378
         )
DIGIMAX CABLE TV, INC. )    Judge Cercone
        Defendant. )    Magistrate Judge Mitchell
         )

## REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the motion for summary judgment submitted on behalf of Plaintiff, Insight Communications Co., L.P. (Docket No. 29) be granted and that judgment be entered accordingly.

II.    Report

Plaintiff, Insight Communications Co., L.P., brings this action against Defendant, Digimax Cable TV, Inc., alleging breach of contract under Pennsylvania law. Plaintiff alleges that Defendant has not paid $2,385,375 for a shipment of digital converter boxes as per the contract between the parties.

Presently before this Court for disposition is a motion for summary judgment, filed by Plaintiff. For the reasons that follow, the motion should be granted.[1]

Facts

Plaintiff and Defendant entered into a contract for the sale of 32,557 digital converter

---

[1] After Defendant failed to file a response to the motion as per the Court's briefing schedule, an order was entered, giving Defendant until December 7, 2007 to respond or the motion would be deemed uncontested. On December 7, 2007, counsel for Defendant called the Court and stated orally that he was not filing a response to the motion.

boxes for a total cost of $4,062,500 ($125 per unit). (Docket No. 31 Ex. A.) Joseph M. Kocott, Sr., who owns 100% of Digimax's stock, signed the contract on behalf of Digimax. (Kocott Dep. at 7, 62.)[2] The contract provided that the items would be released in two separate lots. The contract provides that Digimax was to pick up the first lot of approximately 18,000 units on or before December 31, 2006. Mr. Kocott testified that Digimax picked up the first lot in January of 2007. (Kocott Dep. at 60.) The contract further provided that payment was due "within thirty (30) days of the receipt of goods." (Docket No. Ex. A.) Finally, the contract provided that the remaining units "will be released after payment is received for the first lot." (Id.)

It is undisputed that Digimax received the first lot. (Kocott Dep. at 68-69.) Mr. Kocott also admitted that Digimax has not paid for the units it has received. (Kocott Dep. at 133-34.)

Procedural History

Plaintiff filed this action on March 22, 2007. The complaint alleges that Defendant breached the contract by failing to pay for the digital converter boxes.

On October 3, 2007, Plaintiff filed a motion for summary judgment.

Summary Judgment

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at

---

[2] Pl.'s App. (Docket No. 31) Ex. B.

trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty-Lobby, Inc., 477 U.S. 242, 248 (1986).

In a breach of contract action, a plaintiff must demonstrate: "(1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages." Sullivan v. Chartwell Investment Partners LP, 873 A.2d 710, 716 (Pa. Super. 2005) (citation omitted). Plaintiff has demonstrated the existence of all of these elements and thus has established that Defendant breached the contract. In addition, as noted above, Defendant has not responded to the motion for summary judgment. Therefore, the motion should be granted.

For these reasons, it is recommended that the motion for summary judgment submitted on behalf of Plaintiff, Insight Communications Co., L.P. (Docket No. 29) be granted and that judgment be entered accordingly.

Within thirteen (13) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,


s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge


Dated: December 10, 2007